**Clarence Dunkelbarger, Administrator, Plaintiff in Error, v. Donald McFerren, Defendant in Error.**

AUTOMOBILES—*act of July 1, 1903, construed.* A motorcycle is included within the language of this act which imposes certain obligations upon a person driving an automobile "or other conveyance of a similar type or kind."

Action in case for death caused by alleged wrongful act. Error to the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded with directions. Opinion filed May 19, 1908.

J. C. McCLURE, C. G. TAYLOR and G. W. SALMANS, for plaintiff in error.

J. H. DYER and J. B. MANN, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Plaintiff in error brought suit in the Circuit Court of Vermilion county against defendant in error to re-

cover for damages alleged to have accrued to the estate of Josiah Dunkelbarger by reason of the negligence of defendant in error in the operation of a motor cycle, which resulted in the death of said Josiah Dunkelbarger. There was a judgment in favor of defendant, and a writ of error was prosecuted.

In the declaration it was alleged that defendant, on the 11th day of September, 1906, was possessed of and using and operating a certain vehicle or conveyance for the transportation of passengers, which said vehicle was then and there of a similar nature to an automobile and was propelled and operated by the use of gasoline and known as a motor cycle along a public street in the city of Hoopeston in said county; that while defendant was operating and using said vehicle conveying himself and another, said Josiah Dunkelbarger was passing along said street with two horses hitched to a wagon, upon which Dunkelbarger was riding, driving said horses; that while he was so driving said horses and while in the exercise of due care for his own safety he met said defendant so riding, operating and running said motor cycle so propelled by gasoline; that it was then and there the duty, as provided by statute, of defendant, if the horses of said Josiah Dunkelbarger should appear to become frightened by the approach of said contrivance or motor vehicle, to bring the same to a full stop until said horses had passed; that as said Josiah Dunkelbarger, so driving said horses, approached said contrivance, his said horses became frightened at the puffing and popping noises made by said motor cycle; that said defendant, not regarding his duty in that behalf, when said horses appeared to be frightened at said motor cycle, failed and neglected to bring said contrivance to a full stop until said horses had passed, but continued to proceed along said street to and beyond said team of horses; that said horses became frightened at said motor cycle and ran away; that by reason thereof said Josiah Dunkelbarger was thrown from his wagon and

injured, from the effects of which he died; that said Josiah Dunkelbarger left a widow and three children surviving him who were deprived of their means of support, whereby an action accrued to the plaintiff, etc.

A demurrer to such declaration was sustained by the court. Plaintiff in error elected to stand by his declaration.

Defendant in error contends that the vehicle or contrivance described in the declaration does not come within the provisions or meaning of the automobile act which went into effect on July 1, 1903, and therefore there was no duty resting upon defendant to stop his motor cycle under the averments made in the declaration.

The act of July 1, 1903, provided that it should be unlawful for any person or persons to drive, run, conduct or propel any automobile, or any other conveyance of a similar type, or kind, used for the purpose of transporting passengers or freight or any other purpose, whether propelled by steam, gasoline or electricity, in excess of 15 miles per hour, etc., and that, whenever it should appear that any horse driven by another person upon any street, road or highway, was about to become frightened by the approach of any such automobile or vehicle, it should be the duty of the person driving or conducting such automobile or vehicle to cause the same to come to a full stop until such horse had passed.

Under the declaration the main question argued by defendant in error is whether or not the motor cycle which defendant in error was operating comes within the meaning of the words "or other conveyance of a similar type or kind," etc., as employed in the statute.

These words as used in the statute are not of intricate or doubtful meaning, but are of general use. A motor cycle is propelled by the same power as an automobile, the use of which power causes the same loud

and rapid explosion. It moves with kindred speed and when not propelled by human power, has many of the general features of an automobile; the main difference being that it runs on two wheels instead of four. If two motor cycles should be fastened and operated together side by side for the purpose of carrying passengers there would be no question that the vehicle so constructed would be of a type or kind similar to an automobile, and yet if defendant in error's contention be correct, such contrivance ceases to be of such kind or type when separated into two distinct conveyances.

The statute in question was broad in its terms and in our judgment it would be a perversion of the plain meaning of the words of the act to say that a motor cycle, used in carrying passengers, was not similar to an automobile in either type or kind.

Defendant in error also contends that there is no averment in the declaration that the horses, which deceased was driving, became frightened by the approach of the motor cycle, or that such fright was in any way apparent to appellee while he was approaching such horses.

These criticisms are without merit. The declaration in terms alleged that the horses became frightened as deceased, while driving them, approached the motor cycle and became unmanageable while said motor cycle was passing, and in said declaration it was further alleged that defendant in error, unmindful of his duty under the statute, neglected to stop his vehicle when said horses appeared to be frightened by it.

The allegation that said horses became frightened while the motor cycle was approaching deceased and that such fright was apparent, is in effect an averment that such fright was apparent to defendant in error.

The declaration sets up a good cause of action and the demurrer thereto should have been overruled. The judgment is reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*